UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARISSA BETH COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | 26-cv-5708 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.

Before the Court is Defendant Meta Platforms' motion to transfer venue to the U.S. District Court for the Northern District of California, or, in the alternative, to dismiss the complaint pursuant to Fed R. Crim. P. 12(b)(6). The motion was fully briefed on August 10, 2026, and the Court held oral argument on August 19, 2026. After carefully considering the parties' submissions and the arguments of counsel, the Court grants Meta's motion to transfer venue to the Northern District of California.

Plaintiff Karissa Beth Collins brings a series of claims arising out of the deactivation and removal of her Instagram and Facebook accounts. See generally ECF No. 1-1 ("Compl."). At a high level, she alleges that her accounts were deleted without cause and in violation of platform policies. She brings "claims against Meta for breach of contract, breach of implied covenant of good

faith and fair dealing, negligence, gross negligence, negligent misrepresentation, conversion, deceptive acts and practices in violation of New York General Business Law § 349, and unjust enrichment." Id. ¶ 3. Collins brought these claims in state court in New York, and Meta removed the action to this Court. See ECF No. 1.

Meta now seeks transfer to the Northern District of California pursuant to 28 U.S.C. § 1404. Meta argues that the forum selection clauses included in Meta's Terms of Service ("TOS") and Instagram's Terms of Use ("TOU") require transfer. The Court agrees.

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 59 (2013). Of course, this "analysis presupposes a contractually valid forum-selection clause." Id. at 62 n.5. But if there is a valid and applicable forum selection clause, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id. at 62.

Meta has established that Collins agreed to a valid and applicable forum selection clause and Collins has not advanced any persuasive justification for maintaining venue in this jurisdiction. According to Meta's internal records, Collins joined

Facebook (now Meta) in 2011 and Instagram in 2012.[1] ECF No. 15 ¶¶ 3, 6. At these times, and earlier, there was no forum selection clause in the then-effective terms for each platform. However, in 2018, Facebook (now Meta) and Instagram updated their TOS and TOU to include forum selection clauses. See ECF Nos. 15 ¶¶ 9-12, 15-3 ¶ 4 (Facebook TOS), 15-4 ¶ 4 (Instagram TOU). These substantially identical clauses stated that disputes arising out of or relating to either agreement, or the use of either platform, would be resolved exclusively in the Northern District of California or in state court in San Mateo County, California. See ECF Nos. 15-3 ¶ 4, 15-4 ¶ 4. Substantially identical forum selection clauses remained in effect in 2024 when Collins alleges her Instagram account was first deactivated. See ECF Nos. 9-2 ¶ 4.4, 9-3 ¶ 4.4; Compl. ¶¶ 250-65.

Importantly, at the time of the 2018 update, "both Facebook and Instagram users were presented with the 2018 Terms and were asked to agree with them." ECF No. 15 ¶ 12. Agreeing to the TOS and TOU was (and remains) a condition of continuing to use the two platforms. See ECF No. 9 ¶¶ 3-5. Collins does not dispute that she continued using the platforms after 2018. In fact, her continued use of Facebook and Instagram forms the basis for her claims in

---

[1] Collins's complaint alleges that she joined Facebook in 2003 and Instagram in 2011. See Compl. ¶¶ 197-98. The difference is immaterial for purposes of the instant motion.

this case. The Court therefore concludes that Meta has adduced sufficient evidence to establish the existence of a contractually valid forum selection clause, which specifies the Northern District of California as the proper forum for the instant action.

Collins advances two arguments in response, neither of which are availing. First, she argues that Meta has not produced individualized evidence of her personal assent to any of these terms. But courts in this Circuit have enforced similar terms of service where platforms provide sufficient evidence that all users are required to assent as a condition of use, even in the absence of specific documentation that the individual in question assented. See, e.g., Meyer v. Uber Techs., Inc., 868 F.3d 66 (2d Cir. 2017); Teta v. Go New York Tours, Inc., 738 F. Supp. 3d 502 (S.D.N.Y. 2024); Curtis v. JPMorgan Chase Bank, N.A., No. 22 CIV. 10286, 2024 WL 283474, *4 (S.D.N.Y. Jan. 25, 2024). Here, Meta has provided evidence that all users during the relevant period were shown and assented to the TOS and TOU. That suffices to meet its burden.

Second Collins argues that her own affidavit, which states that she does not recall signing the TOS and TOU, rebuts Meta's more generalized evidence of her assent. The Court disagrees. To be sure, a party's declaration stating that they did not sign an agreement may defeat a motion to transfer based on that agreement. Cf. Barrows v. Brinker Restaurant Corp., 36 F.4th 45, 51 (2d Cir.

2022) (holding that "a party's declaration can defeat a motion to compel arbitration"). However, and crucially, "[w]here a party merely states that she cannot recall signing an agreement (as opposed to denying she has done so), such a declaration ordinarily fails to create a triable issue of fact." Id. Because Collins's declaration merely states that she does not recall signing the TOS and TOU, it is insufficient to rebut Meta's evidence to the contrary.[2] Moreover, as already noted, Collins's claims here include a claim for breach of the very TOS and TOU she now says she cannot recall signing.

In sum, because Collins's claims are subject to a valid forum selection clause, the Court hereby directs the Clerk of Court to transfer this case to the U.S. District Court for the Northern District of California and to close docket entry 7.

SO ORDERED.

Dated: New York, NY

August 20, 2026

JED S. RAKOFF, U.S.D.J.

[2] Collins also asserts that Meta failed to establish, on a claim-by-claim basis, that each of her claims is covered by the relevant forum-selection clauses. The Court disagrees. As explained above, the relevant forum selection clauses are quite broad and plainly encompass all the claims Collins advances in the instant action.